# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| AHMAD YUSUF RASHAD TERRY, | ) | CASE NO. 7:18CV00396 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SO J.H. WILLIAMS, JR., *et al.*, | ) | By: Hon. Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Ahmad Yusuf Rashad Terry, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging that his conviction was unlawful. The court previously explained to plaintiff that his filing was most properly construed as a 28 U.S.C. § 2254 petition for a writ of habeas corpus. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the court offered plaintiff the opportunity to object, and plaintiff informed the court that he wished the action to stay construed as a § 1983. After review of the record, I concludes that the complaint does not state a claim under 42 U.S.C. § 1983 and should be dismissed without prejudice.

Plaintiff filed this § 1983 action in August 2018, naming several state officials. Plaintiff contends that the defendants violated his rights related to his conviction. As relief in this lawsuit, plaintiff seeks monetary damages.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). However, when an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Court has further explained:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Instead, an inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after complying with the federal habeas requirements. *Preiser*, 411 U.S. at 489; *see also* 28 U.S.C. §§ 2241, 2244, 2254 (regarding filing requirements).

Therefore, I will summarily dismiss plaintiff's § 1983 complaint without prejudice, and I will deny Terry's pending motion for default judgment, Dkt. No. 8, as moot.

The Clerk shall send a copy of this opinion and the accompanying order to plaintiff.

**ENTER:** This __9th__ day of November, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE